COOLEY LLP
WHITTY SOMVICHIAN (194463)
(wsomvichian@cooley.com)
AARTI REDDY (274889)
(areddy@cooley.com)
MADELEINE R. AHLERS (356919)
(mahlers@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone:    +1 415 693 2000
Facsimile:    +1 415 693 2222

COOLEY LLP
HEIDI L. KEEFE (178960)
(hkeefe@cooley.com)
3175 Hanover Street
Palo Alto, California 94304-1130
Telephone:    +1 650 843 5000
Facsimile:    +1 650 849 7400

COOLEY LLP
NATALIE PEELISH (*Pro Hac Vice* forthcoming)
(npeelish@cooley.com)
1700 Seventh Avenue, Suite 1900
Seattle, WA 98101-1355
Telephone:    +1 206 452 8700
Facsimile:    +1 206 452 8800

COOLEY LLP
MAZDA ANTIA (214963)
(mantia@cooley.com)
REEM GERAIS (360695)
(rgerais@cooley.com)
10265 Science Center Drive
San Diego, California 92121-1117
Telephone:    +1 858 550 6000
Facsimile:    +1 858 550 6420

COOLEY LLP
SARA VICTORIA M. PITT (317611)
(sporter@cooley.com)
KELTON N. SAHAGIAN (340366)
(kbasirico@cooley.com)
350 South Grand Avenue, Suite 3200
Los Angeles, California 90071-3474
Telephone:    +1 213 561 3250
Facsimile:    +1 213 561 3244

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BRANDON LAPIANA, et al.,<br><br>       Plaintiff,<br><br>  v.<br><br>GOOGLE LLC,<br><br>       Defendant. | Case No.<br><br>**DEFENDANT GOOGLE LLC'S NOTICE OF REMOVAL**<br><br>SANTA CLARA COUNTY SUPERIOR COURT CASE NO. 24CV434847 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant Google LLC ("Google") hereby removes the above-captioned civil action from the Superior Court of the State of California, County of Santa Clara (the "Superior Court"), where the action is currently pending, to the United States District Court for the Northern District of California, San Jose Division.  For the reasons set forth below, this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367.  In filing this Notice of Removal, Google expressly reserves all rights to respond to and seek dismissal of this lawsuit.

## I.    BACKGROUND

### A.    Nature of the Suit

1.    This case is one of over 2,300 mass tort individual actions for damages currently pending against Google in the Superior Court related to Google's alleged tracking of plaintiffs while they use Incognito mode in Google's Chrome browser.  These state court actions were filed following the Honorable Yvonne Gonzalez Rogers' denial of class certification of a Rule 23(b)(3) damages class in *Brown, et al. v. Google LLC*, No. 20-CV-3664-YGR, 2022 WL 17961497 (N.D. Cal. Dec. 12, 2022).  The actions are being filed by two groups of plaintiffs' counsel—Boies Schiller Flexner LLP and Morgan & Morgan, P.A. ("BSF/MM")—and Google anticipates removing at least 1,934 of these cases in which plaintiffs assert claims pursuant to the Federal Wiretap Act.

### B.    Timeliness of Removal

2.    On April 9, 2024, Plaintiff Brandon Lapiana and forty-nine other individuals ("Plaintiffs") commenced a mass tort civil action in the Superior Court, captioned *Lapiana, et al. v. Google LLC*, Case No. 24CV434847 (the "State Court Action").

3.    On March 30, 2026, Plaintiffs filed a First Amended Complaint, adding for the first time a claim under the Federal Wiretap Act, 18 U.S.C. § 2510 *et seq.*  Google was served with a copy of the First Amended Complaint April 7, 2026.

4.    Pursuant to 28 U.S.C. § 1446(a), attached as **Exhibit A** to the concurrently filed Declaration of Mazda Antia ("Antia Declaration") are true and correct copies of the process,

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEFENDANT GOOGLE LLC'S
NOTICE OF REMOVAL
CASE NO. _____

pleadings and orders served upon Google in the State Court Action.  Attached as **Exhibit B** to the Antia Declaration is a true and correct copy of Plaintiffs' First Amended Complaint, which adds, for the first time, a claim under the Federal Wiretap Act, 18 U.S.C. § 2510 *et seq.*

5.    This Notice of Removal is timely because it has been filed within thirty days of service of the First Amended Complaint in the State Court Action, which provided grounds for removability.  *See* 28 U.S.C. § 1446(b).

## II.    GROUNDS FOR REMOVAL

### A.    The Court Has Federal Question Jurisdiction Over This Matter.

6.    Removal is proper because this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331.  As such, the action may be removed to this Court by Google pursuant to 28 U.S.C. § 1441(a).

7.    Plaintiffs' sixth cause of action pled in the First Amended Complaint asserts a claim under the Federal Wiretap Act, 18 U.S.C. § 2510 *et seq.*  Antia Decl., Ex. B at ¶¶ 525-540.[1]

8.    It is settled beyond dispute that federal district courts may exercise subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A case arises under the laws of the United States "when federal law creates the cause of action asserted."  *Gunn v. Minton*, 568 U.S. 251, 257 (2013).

9.    Here, Plaintiffs' assertion of Federal Wiretap Act claims unquestionably gives rise to federal question jurisdiction under 28 U.S.C. § 1331.  *See, e.g.*, *Swarts v. Home Depot, Inc.*, 689 F. Supp. 3d 732, 738 (N.D. Cal. 2023) (finding federal question jurisdiction over case alleging Federal Wiretap Act claims); *Planned Parenthood Fed. of Am., Inc. v. Ctr. for Med. Progress*, 2018 WL 2441518, at *4 (N.D. Cal. May 31, 2018) (same).

### B.    The Court May Exercise Supplemental Jurisdiction Over Plaintiffs' State Law Claims.

10.    This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant

---

[1] Plaintiffs have stricken paragraphs 468 – 477 of the First Amended Complaint pursuant to the Superior Court's Order Denying Leave to Amend to reassert a claim for violation of the Comprehensive Computer Data Access and Fraud Act, Cal. Penal Code § 502 *et seq.*  *See Luna, et al. v. Google LLC*, Case No. 5:26-cv-03246 (N.D. Cal.), ECF No. 8-37.  For clarity, Google cites to the paragraphs in the First Amended Complaint as numbered by Plaintiffs.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEFENDANT GOOGLE LLC'S
NOTICE OF REMOVAL
CASE NO. _____

to 28 U.S.C. § 1367(a), as these claims arise out of the same case or controversy.

11. The First Amended Complaint alleges a variety of claims under California law, including claims for violation of §§ 631, 632, and 638.51 of the California Invasion of Privacy Act ("CIPA"), two California common law privacy claims, a claim for breach of contract, and a claim for violation of California Business and Professions Code § 17200 *et seq.* ("UCL").

12. The federal district court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

13. Applying that principle here, all of Plaintiffs' claims should be resolved in federal court. All of Plaintiffs' California-based causes of action challenge the same alleged practice—Google's alleged tracking of users while in Incognito mode. Thus, Plaintiffs' state and federal claims "derive from a common nucleus of operative facts," and Plaintiffs should "be expected to try them all in one judicial proceeding . . . ." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

14. Further, "CIPA is the California state law analogue to the federal Wiretap Act[.]" *In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d 797, 824 (N.D. Cal. 2020). Plaintiffs' CIPA claims, like their Federal Wiretap Act claims, are predicated on Google's alleged tracking of their internet communications while using a private browsing mode. *Compare* Antia Decl., Ex. B at ¶¶ 452-467, *with* ¶¶ 525-540.

15. For these reasons, this Court can and should exercise supplemental jurisdiction over Plaintiffs' remaining causes of action because they are "related to" their federal Wiretap Act claims. 28 U.S.C. § 1367; *see also Swarts*, 689 F. Supp. 3d at 738 ("[t]he Court has federal question jurisdiction over Plaintiff's Wiretap Act claim pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over his state law claims pursuant to 28 U.S.C. § 1367(a).").

16. Finally, there is no reason for this Court to decline the exercise of supplemental jurisdiction over Plaintiffs' related state law causes of action. Those claims neither raise novel nor complex issues of state law nor predominate over the claim over which this Court has original jurisdiction, and there are no exceptional circumstances or other compelling reasons for this Court

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEFENDANT GOOGLE LLC'S
NOTICE OF REMOVAL
CASE NO. _____

to decline supplemental jurisdiction. *See* 28 U.S.C. § 1367(c).

17.   Because this Court may exercise jurisdiction over all of Plaintiffs' claims under 28 U.S.C. §§ 1331 & 1367, removal is appropriate. *See* 28 U.S.C. § 1441(a).

### III.   VENUE AND INTRADISTRICT ASSIGNMENT

18.   Removal to this judicial district and division is proper because the State Court Action was originally pending in Santa Clara County, which is within this judicial district. *See* 28 U.S.C. §§ 1441(a), 1446(a).

19.   Google intends to file an administrative motion to relate this action to a case currently pending before the Honorable Yvonne Gonzalez Rogers in the Oakland division, captioned as *Brown, et al. v. Google LLC*, 4:20-cv-03664-YGR-SVK (N.D. Cal.) (the "*Brown* Action"). Accordingly, Google requests that this case also be assigned to the Oakland division.

20.   Google has already removed an identical action *Luna, et al. v. Google LLC*, Case No. 5:26-cv-03246 (N.D. Cal.) (the "*Luna* Action"), to this Court and sought to relate the *Luna* Action to the *Brown* Action. Google intends to do the same with 1,932 identical actions pending in the Superior Court of California for the County of Santa Clara.

21.   Google will promptly file with the clerk of the Superior Court and serve on Plaintiffs, through their counsel of record, a true and correct copy of this Notice of Removal and all documents filed in support thereof, as required by 28 U.S.C. § 1446(d).

22.   Google reserves the right to amend and/or supplement this Notice of Removal.

### IV.   CONCLUSION

23.   For the foregoing reasons, this Court has original jurisdiction over Plaintiffs' Federal Wiretap Act claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367, and this action may be removed to this Court pursuant to 28. U.S.C. § 1441.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEFENDANT GOOGLE LLC'S
NOTICE OF REMOVAL
CASE NO. _____

Dated:  April 27, 2026                          COOLEY LLP


                                                By: */s/ Mazda Antia*
                                                    Mazda Antia

                                                Attorney for Defendant
                                                GOOGLE LLC

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

DEFENDANT GOOGLE LLC'S
NOTICE OF REMOVAL
CASE NO. _____